# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0869V
UNPUBLISHED

| | |
|---|---|
| LAMISE AL-BASHA,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: March 30, 2020<br><br>Special Processing Unit (SPU); Dismissal; Insufficient Proof; Failure to Follow Court Orders; Failure to Prosecute; Human Papillomavirus Vaccine (HPV); Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Dennis Jim Kellogg, Law Office of Jim Kellogg, Chicago, IL, for petitioner.*

*Mollie Danielle Gorney, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION[1]

On June 13, 2019, Lamise Al-Basha filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that that she suffered a right shoulder injury as a result of the Human Papillomavirus ("HPV") vaccine she received on June 16, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

### I.   Relevant Procedural and Factual History

Along with her petition, Petitioner filed the medical record from a June 27, 2016 visit to Orthopedics Associates of Wisconsin (Exhibit 1), and results from a July 15, 2016 MRI (Exhibit 2). Other than these two medical records, however, Petitioner has failed to file the affidavit and supporting documentation needed to support her claim. *See* § 11(c)

---

[1] Because this Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

(applicable section of the Vaccine Act regarding the affidavit and supporting documentation which must accompany a vaccine petition); Vaccine Rule 2(c)(2) (regarding the petition's required attachments). Specifically, Petitioner has failed to provide any evidence that she received the HPV vaccine on June 16, 2016 as she alleges (§ 11(c)(1)(A)(1)) or that she suffered the residual effects of her alleged right shoulder injury for more than six months (§ 11(c)(1)(D)(i)). Petitioner has not filed the medical records required by the Vaccine Act. *See* § 11(c)(2).

The records that have been filed reveal that, at the June 2016 orthopedic visit, Petitioner reported right shoulder pain since June 16th (the date of vaccination), but no "particular redness or swelling." Exhibit 1 at 3. She specifically described initial pain for a few days and then "increasing pain since last week." *Id.* Petitioner was diagnosed with "right shoulder pain with impingement" (*id.* at 3) and prescribed physical therapy ("PT") (*id.* at 4). When undergoing the MRI, Petitioner reported "right anterior shoulder pain and swelling with limited range of motion since one month [and] a lifting injury to [her] right shoulder 4 months ago." Exhibit 2 at 7 (all capital letters in the original). Hence, the few records filed in this case did not support the conclusion of a post-vaccination injury.

Petitioner was first ordered to file the affidavit(s), additional medical records, and other documentation needed to support her claim in June 2019. *See* SPU Initial Order, issued June 20, 2019, ECF No. 6. But she has failed to file any additional evidence to support her claim. Additionally, there is evidence in one of the two medical records that *were* filed indicating that Petitioner's right shoulder pain may have been due to a lifting injury in March 2016, three months prior to receiving the HPV vaccine.

I issued an Order to Show Cause on November 21, 2019 requesting that Petitioner substantiate her claim with additional records, but she took no action in response. I then issued a second such Order on February 21, 2020, directing her to comply with my Order by March 24, 2020. Petitioner has failed to respond again.

## II.    Failure to Prosecute

It is a petitioner's obligation to follow and respond to orders issued by a special master in a case. The failure to do so – whether on account of attorney error, inaction, or because a petitioner has failed to stay in contact and/or communicate with counsel - is grounds for the claim's dismissal. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("[c]ontrolling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed"); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("[n]ot only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute"); *see also* Vaccine Rule 21(b) ("[t]he special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

Petitioner was specifically advised in the November 12, 2019 and February 21, 2020 Orders to Show Cause that her failure to follow court orders (and specifically in this case the failure to file a response by March 24, 2020) risked dismissal of the claim. The same authority referenced above was included in the November 12, 2019 Order to Show Cause. But Petitioner has continued to disregard my orders, without justification or explanation.

### III.  Conclusion

Petitioner has failed to file the affidavit, medical records, and other documentation required by the Vaccine Act, and has failed to provide the evidence needed to support her claim. She has otherwise failed to respond to Orders to Show Cause issued on November 12, 2019 and February 21, 2020, respectively.

Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly. [3]

**IT IS SO ORDERED.**

          **s/Brian H. Corcoran**
          Brian H. Corcoran
          Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.